EXHIBIT C

EMERGENCY VERIFIED MOTION

TO ALLOW SHERIFF OF COOK COUNTY TO PUT

RESPONDENT ON ELECTRONIC MONITORING/

HOME DETENTION BECAUSE OF ILLEGAL

CONDITIONS OF DETENTION

FILED
7/13/2022 4:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2008D002844
Calendar, 61
18661505

FILED DATE: 7/13/2022 4:31 PM   2008D002844

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| **IN RE THE MARRIAGE OF:** | ) | |
| | ) | |
| **Pamela Harnack** | ) | |
| | ) | |
| Petitioner | ) | No. 08 D 2844 |
| | ) | |
| and | ) | |
| | ) | Judge Michael A. Forti |
| **Steve Fanady** | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## EMERGENCY VERIFIED
## MOTION TO ALLOW SHERIFF OF COOK COUNTY TO PUT RESPONDENT ON ELECTRONIC MONITORING/HOME DETENTION BECAUSE OF ILLEGAL CONDITIONS OF DETENTION

NOW COMES, Respondent Steve Fanady, by and through his attorney Laura Grochocki, and moves this Court to enter an Order allowing the Sheriff of Cook County to put Respondent on home detention with electronic monitoring, and in support of this motion states as follows:

1. **This matter is an emergency for the following reasons set forth in this verified Motion:** Respondent Steve Fanady ("Fanady") is currently in the custody of the Sheriff of Cook County, Illinois for indirect civil contempt on this Court's Body Attachment Order of June 21, 2022. He was taken into custody on June 28, 2022. **As will be detailed below**, because of facilities being closed during the recent pandemic and staff shortages Fanady is being held in conditions that unsanitary, put his health at-risk, and are in direct violation of the statutes of the State of Illinois, and are also in violation of his rights under the 14th Amendment to the Constitution of the United States. The delay in hearing this motion on the court regular call puts Fanady's physical and mental health in serious jeopardy. The remedy available to resolve this situation is to put Fanady on 24-hours a day, 7 day a week house arrest on GPS electronic monitoring. The

Sheriff's office has expressed support for this remedy.

2. The law in Illinois on the detention of civil detainees, i.e. people who are not charged with a criminal offence, is unambiguous and clear:

> (A) 730 ILCS 125/11 states:
>
> Debtors and witnesses shall **not** be confined in the same room with other prisoners; **730 ILCS 125/11** (emphasis added)
>
> (B) 20 Ill. Admin Code 701.7 states:
>
> 4) Non-criminal
> A) Non-criminal detainees such as traffic violators, nonsupport cases, and persons charged with **civil contempt** who are supervised under the direct supervision option shall be kept **separate** by cell or detention room from detainees charged with criminal offenses.
> **Ill. Admin. Code tit. 20, §701.71(b)(4)**

3. Further it is an unconstitutional violation of the Due Process clause of the 14th Amendment to keep a detainee who has not violated any jail rules is solitary confinement.

> This Circuit has found that procedural due process requires that pretrial detainees can only be subjected to segregation or other heightened restraints if a pre-deprivation hearing is held to determine whether any rule has been violated. **_Johnston v. Maha_, 606 F.3d 39, 41 (2010)** (Also see _Benjamin v. Fraser_, 264 F.3d 175, 188-189 (2001) and _Kucinsky v. Pfister_, 2020 IL App (3d) 170719, P80)

4. Because the Cook County Jail does not currently have a separate facility, or area within the jail, for the separate detention of civil detainees[1] Fanady is currently housed in the medical unit (Division 8). The inmates of Division 8 consists entirely of those charged with, or convicted of, criminal offenses. Because he cannot be in contact with inmates who are charged with, or who have been convicted of, a criminal offense, Fanady is being kept is solitary confinement, twenty-

---

1. Prior to the COVID-19 pandemic the Cook County Jail did have a separate unit for civil detainees. However because of the difficulties in detaining people during the pandemic, and because of the moratorium on most civil contempt proceedings during the pandemic, that area closed. On information and belief the Sheriff has no current plans to re-open it.

[2]

four (24) hours a day, (7) seven days a week.

5. The one and only reason Fanady is being kept is solitary confinement is because he is a civil detainee, and because the Cook County Jail lacks the facilities to house him according to the law. *Supra.* Fanady has not been accused of violating any jail rule for which the punishment would be solitary confinement. Fanady's detention in the same facility with criminal defendants which results in his solitary confinement violates his rights under the due process clause of the 14th Amendment to the Constitution of the United States as well as the laws of the State of Illinois. *Supra*.

6. As a result of Fanady's detention in solitary confinement in the medical unit, which is not made for long term stays, the following conditions exist: (a) the lights in his cell are off and are not turned on; (b) his prison uniform is not changed or cleaned; (c) no clean underwear; (d) no access to a laundry; (e) no exercise; (f) no time outside cell; (g) the cell temperature is at 60 degrees; and (f) no access to books or magazines; (g) no television; (h) not being provided with grievance or commissary forms. These conditions will lead to a rapid decline in any detainee's physical and mental health.

7. The only solution to this situation is for Fanady to be placed on house arrest under the Sheriffs electronic monitoring program. The Sheriff's office has expressed its support for this solution.**2** While Fanady's attorney has informed the Sheriff that he has the discretion to put Fanady in the electronic monitoring ("EM") program pursuant to 730 ILCS 5/5-8A-8, the Sheriff has taken the position that it requires this Court's consent to be able to do so.

---

2. The Sheriff understands that holding a detainee in an illegal manner subjects it to potential liability. The Sheriff is also well aware that illegally holding a person in solitary confinement will have a substantial negative effect on mental health and will cause mental illness, for which the Sheriff has potential liability. https://www.nami.org/Advocacy/Policy-Priorities/Stopping-Harmful-Practices/Solitary-Confinement

[3]

8. The EM program of the Sheriff of Cook County utilizes a GPS bracelet which monitors and tracks the detainees' location 24/7, and alerts the Sheriff in real time to any movement outside of the approved location. https://www.cookcountysheriff.org/departments/cook-county-department-of-corrections/electronic-monitoring-program/

9. Further, this Court has the ability to set the conditions of house arrest under its EM program, such as prohibiting Fanady from leaving the home except for medical emergencies, prohibiting visitors other than within a set window of time (i.e. for example no more than two (2) visitors than twice a week for no more than two (2) hours), and court appearances. The Court can also put other restrictions on the detainee it deems necessary to achieve the purpose of its contempt order (which do not violate the laws of the state or the constitutional rights of the detainee).

10. Fanady can be detained under the Sheriff's EM program at his parents' home in Skokie, or their home in Northbrook. Since Fanady's parents live at the Skokie home, specifying his detention in the Northbrook home (4360 Lindenwood Lane, Northbrook, IL 60062) would assure limited contact with visitors and allow the Court to impose other restrictions and conditions which would not impact this parents.

12. The house arrest under the EM program could also be reviewed should the Sheriff ever re-open his separate facility for civil detainees.

13. While the opposing party may, and we are fairly sure will, object to putting Fanady on home detention under the Sheriffs EM program, three (3) points make such an objection untenable: (a) it would be unlawful and unconscionable for a court to order that a person continue to be held in conditions which are illegal and unconstitutional under both state law and the US Constitution; (b) the Sheriff should not be forced to subject itself to liability for holding Fanady in conditions that violate the law; (c) the coercive purpose of the courts civil contempt order can be

achieved with the proper conditions being imposed through the EM program.

14. Also, if Fanady were to violate the EM program by leaving the house or removing the EM bracelet he could be charged with escape, a class three (3) felony under 730 ILCS 5/5-8A-4.1, and imprisoned in the state penitentiary from two (2) to five (5) years. (730 ILCS 5/5-4.5-40)

15. Unless the Sheriff were to re-establish its separate civil detainee unit, there is no other solution to the problem outlined in this motion. Perhaps when the COVID-19 pandemic is over (COVID-19 cases are on the rise at this time) that will occur, however until then home confinement 24/7 under the Sheriffs EM program is the only solution available.

**WHEREFORE**, the Respondent Steve Fanady prays that this Court enter an order allowing the Sheriff of Cook County to put Respondent Steve Fanady in its Electronic Monitoring program with the following conditions:

(A). Confinement to the house at 4360 Lindenwood Lane, Northbrook, IL 60062, where he is the only resident, twenty-fours (24) hours a day, seven (7) days a week;

(B) Electronic Monitoring (EM) with a GPS enabled bracelet monitor which must be worn continually;

(C) Limited to visits for two (2) hours by no more than two (2) persons at a time, excluding visits from his attorney, physician, nurse, or from a cleric of the Greek Orthodox Church;

(D) Such other relief as the Court deems necessary to achieve the coercive purposes of its order of indirect civil contempt.

                                                     Respectfully Submitted

                                                     /s/ Laura Grochocki
                                                     Attorney for Steve Fanady

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, Illinois 60611
312-620-0671
lauraglaw@aol.com
Attorney No. 61809

[5]

FILED DATE: 7/13/2022 4:31 PM  2008D002844

## **Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that he has read the Complaint for a Writ of Prohibition and the statements set forth therein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Steve Fanady*

_____

Steve Fanady