# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLIONIS
# EASTERN DIVISION

| | |
|---|---|
| Steve Fanady | ) |
| Plaintiff | ) No. 22 cv 4180 |
| and | ) |
| | ) Judge: Andrea Wood |
| Thomas Dart, as Sheriff of Cook County Illinois, and Amanda Gallegos as Executive Director of the Cook County Jail | ) Magistrate: Cummings |
| Defendant | ) |

## PETITION FOR A WRIT OF HABEAS CORPUS
## OF PERSON IN STATE CUSTODY

**NOW COMES** the Plaintiff, Steve Fanady, by and through his attorney, Laura Grochocki, and pursuant to 28 USC §2254, petitions this Court to grant him a Writ of Habeas Corpus, and order that the State of Illinois either grant the Plaintiff a new trial or release him from custody. In support of this petition, Plaintiff states as follows:

1. Plaintiff Steve Fanady (hereinafter "Fanady") is a prisoner in the custody of Thomas Dart who is the Sheriff of Cook County, Illinois (hereinafter "Sheriff"), and is being held by the Sheriff in the Cook County Jail facilities at 2700 S. California Ave., in the City of Chicago, Cook County, Illinois. Amanda Gallegos, who is an employee of the Sheriff, is the Executive Director of the Cook County Jail.

2. This Court has jurisdiction over this matter pursuant to 28 USC §2241 and 28 USC §2254. Venue in the U.S. District Court for the Northern District of Illinois is proper under 28 USC §2241(d).

3. Fanady's ex-wife Pamela Harnack ("Harnack"), was awarded 120,000 shares of

CBOE stock in a default Judgment of Dissolution entered on August 3, 2011, (*twelve years ago*). Harnack made no effort to enforce this provision of the Judgment of Dissolution against Fanady from August 3, 2011, until eight and a half years (8½) later on December 9, 2019, when she filed a *Motion to Compel Compliance with Judgment of Dissolution*. Then, on December 11, 2020, an Order was entered granting Harnack's *Motion to Compel Compliance* directing Fanady to turn over 120,000 shares of CBOE stock, or their value, to Harnack within two (2) weeks. The Court had determined that the value of 120,000 CBOE stock shares was $10,000,000.00 (ten million dollars).

4. Then on February 9, 2021, Fanady was held in indirect civil contempt of court for his failure to deliver 120,000 shares of CBOE stock or pay $10,000,000 to Harnack. The court also entered an *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment*, committing Fanady to the custody of the Sheriff, and stating that Fanady could purge himself of the indirect civil contempt by either transferring 120,000 shares of CBOE stock to Harnack or by paying her $10,000,000. During the February 9, hearing Fanady, acting *pro se*, insisted that the CBOE stock at issue had been liquidated to cash ten years (10) earlier, prior to the August 2011 Judgment of Dissolution, for its then value of less than $2 million dollars. He also insisted that he was now indigent and that any money from the stock had been spent over the past decade.[1]

5. Fanady appealed, and the contempt findings were affirmed in *Harnack v. Fanady* 2022 *IL App (1st) 210143*. Fanady has exhausted his state court remedies.

6. On February 10, 2021, pursuant to the February 9, 2021 finding of indirect civil contempt, the court entered a Body Attachment Order which directed the Sheriff of Cook County

---

[1]. Fanady stated he had not worked since the divorce, and the expenditure of approximately $200,000 a year during the decade Harnack had made no demand on him for the stock or money is not an unreasonable claim.

to take Fanady into custody until he purges himself of the contempt by either transferring 120,000 shares of CBOE stock to Harnack or by paying her $10,000,000. However, Fanady was not taken into custody[2] and one (1) year later, on February 9, 20**22**, both the Commitment Order and the Body Attachment Order expired by operation of law. *735 ILCS 5/12-107.5(a)(c),* which states:

> **(a)** No **order of body attachment or other civil order for the incarceration or detention of a natural person** respondent to answer for a charge of indirect civil contempt shall issue unless the respondent has first had an opportunity, after personal service or abode service of notice as provided in Supreme Court Rule 105, to appear in court to show cause why the respondent should not be held in contempt.
>
> **(c)** Any order **issued pursuant to subsection (a) shall expire one year after the date** of **issue.** *735 ILCS 5/12-107.5(a)(c)* (*emphasis added*)

Therefore, both the Commitment Order entered on February 9, 20**21,** and the Body Attachment Order entered on February 10, 20**21**, expired on February 10, 20**22**, pursuant to *735 ILCS 5/12-107.5(a)(c)*.

7. The purpose of the *735 ILCS 5/12-107.5(a)(c),* is to put a limit on the length of incarceration for civil contempt. Rather than being able to last for years, dependent on each judge's individual discretion, the *735 ILCS 5/12-107.5(a)(c)* one (1) year limit on the validity of civil contempt orders calling for incarceration, puts an objective limit on incarceration for civil contempt. The function is to assure that nobody can be held in jail on a civil contempt charge for more than one (1) year without a new petition for contempt, a new hearing, a new opportunity to present defenses, and if warranted new contempt findings and orders. This assures that nobody can be held in jail on a non-criminal matter for more than one (1) year unless a fresh look is given to the evidence and the appropriateness of incarceration if there has been no compliance

---

[2]. Fanady was not taken into the custody of the Sheriff of Cook County until June 28, 20**22**, which is almost 1½ years after he was held in contempt on February 9, 20**21**.

for a year.

8. Because of this one (1) year expiration date, Harnack made *a Motion to Extend Body Attachment* for the entry of a second Body Attachment Order. This motion was filed on March 15, 2022, after the original Body Attachment had expired. Even though Fanady requested a new evidentiary hearing on the issue of his ability to comply with the December 11, 2020 Order compelling compliance with the Judgment of Dissolution and purge himself of contempt, Harnack's motion was granted without any such new evidentiary hearing being conducted. A second Body Attachment Order was entered on June 21, 2022, which was four (4) months after the original February 9, 2021 Body Attachment had expired. This second Body Attachment states in relevant part:

> 1. The Sheriff of Cook County, the Sheriff of any County in Illinois, or any duly deputized Law enforcement agent to seize the Respondent: Name: STEVE FANADY Date of Birth: \*\*/\*\*/\*\*\*\*. height \*\*\*\*\*\*\*, weight \*\*\*\*\*lbs, \*\*\*\*\*\*\*. Last known home address: \*\*\*\*\*\*\*\*\*\*\*\*\* Lane, \*\*\*\*\*\*\*\*\*\*, IL 60\*\*\*\*\*,
>
> 2. If the Respondent, STEVE FANADY, is taken into custody, the Sheriff/law enforcement agency may release the Respondent after he shall deposit $10,000,000.00 (Ten Million Dollars) into escrow with the Sheriff or the court.
>
> 3. If the Respondent is released pursuant to paragraph 2, the Sheriff shall then advise the Respondent that hearing on the petition is continued 21 days from the date of release and the Respondent is required to appear at 9:30 a.m. at the Daley Center, 50 W. Washington, Chicago, Illinois, Room 3004.

9. However, no new *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment* was entered to replace the one that expired on February 9, 2021. This now expired February 9, 2021 *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment*, which expired on February 9, 2022, stated in relevant part that Fanady:

> Is ordered committed to the Cook County Jail, there to remain until he shall have purged himself of contempt by: Transferring 120,000 shares of stock, ticker symbol CBOE, to Petitioner; OR transferring the sum of $10,000,000.00 (ten million dollars) to the

Petitioner based on a reduced figure from the $85.97/share close price on December 11, 2020

10. Because no "second" or "new" *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment* has been entered to replace the expired order, this language remanding Fanady to jail does not exist in any enforceable unexpired order. The only unexpired order now in effect under which Fanady is being held is the June 21, 2022 "second" Body Attachment Order. This Body Attachment Order does not contain any language which requires the Sheriff to continue to hold or detain Fanady or remand him to the Cook County Jail, or any other facility after he has been seized. All this Body Attachment Order states is that; "the Sheriff/law enforcement agency *may* release the Respondent after he shall deposit $10,000,000.00 (Ten Million Dollars) into escrow with the Sheriff or the court." (emphasis added) This order with its discretionary release provision, and the following paragraph requiring that Fanady appears at a future court date for a "hearing on the petition", is not a civil contempt order where the contemnor holds the "keys to his own cell".

11. This means that by entering the June 21, 2022 "second" Body Attachment Order without also entering a new "second" *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment* commanding that Fanady be "committed to the Cook County Jail there to remain until he shall have purged himself of contempt", means that no valid or enforceable Order exists under which the Sheriff is authorized to hold Fanady be held in the jail.

12. Fanady was taken into custody by the Sheriff on June 28, 2022, almost 1½ years after he was initially held in contempt on February 9, 20**21.** He is currently in the custody of the Sheriff of Cook County, Illinois who is holding him in the Cook County Jail for indirect civil contempt of court under the second Body Attachment Order entered on June 21, 2022. Circuit Court of Cook County Local Rule 13.8(a)(iv) states:

> **(vii) Return to Court** - Every order remanding a contemnor to the custody of the Cook County Department of Corrections for indirect civil contempt must include a provision that the **contemnor will be returned to the court for status at periodic intervals, but in no event less frequently than every thirty (30) days.** (emphasis added)

13. Local rules of the circuit court have the force of a statute **and are binding on the trial court as well as the parties**. (emphasis added) " *In re Marriage of Manhoff*, 377 Ill. App. 3d 671, 675 (1st Dist. 2007) (emphasis added) Local rules must be complied with. "Like any other statute, ordinance, or rule, local court rules have the force of law" *Jones v. State Farm Mut. Auto. Ins. Co.*, 2018 IL App (1st) 170710.

14. As of February 28, 2023, Fanady has been in custody for two-hundred-forty-five (245) days, (eight (8) months), and therefore should have had a minimum of seven (7) compliance status hearings pursuant to Circuit Court of Cook County Local Rule 13.8(a)(iv). However, Fanady has only had a total of three (3) compliance status hearings before the circuit court. Fanady was only given his first Local Rule 13.8(a)(iv) status hearing on August 24, 2022, fifty-seven (57) days after he was taken into custody, because he brought an *Emergency Verified Motion to Set Status on Respondent's Confinement for Contempt as Required by Local Rule 13.8(a)(IV),* demanding that the circuit court complies with the local rule. Subsequent to the August 24, 2022 compliance status hearing, Fanady has had only two (2) additional Local Rule 13.8(a)(iv) status hearing, on September 28, 2022, and November 30, 2022, despite the fact that the said local rule required that the court have five (5) such hearings.

15. At none of the three (3) Local Rule 13.8(a)(iv) compliance status hearings has the circuit court received evidence, or made any inquiry, as to whether Fanady could purge himself of the contempt, or whether or not the incarceration had lost its coercive effect and therefore become merely punitive incarceration. It is a violation of a contemnor's due process rights to hold a contemnor in custody without making a periodic inquiry as to his purge or ability to purge

contempt was made, and no assessment as to whether or not further incarceration would be able to coerce compliance. (See <u>Debowski v. Shred Pax Corp.</u>, 45 Ill. App. 3d 891(1977); <u>In re Marriage Betts</u>, 200 Ill. App. 3d 26, 57 (1990); <u>Sanders v. Shephard</u>, 163 Ill. 2d 534 (1994))

16. Further, in the order for August 11, 2022, the circuit court engaged in conduct that Fanady can only be described as a troubling indication that any violation of his rights was being ignored. In the circuit court's Order for August 11, 2022, which set the August 24, 2022, Local Rule 13.8(a)(iv) compliance status date in response to Fanady's aforesaid *Emergency Verified Motion to Set Status on Respondent's Confinement for Contempt as Required by Local Rule 13.8(a)(IV)*, stated that "This Honorable Court makes the express finding that there has not been a violation of Local Rule 13.8(a)(IV)". However, this finding by the court is clearly false as an examination of the record and orders entered after Fanady was taken into custody on June 28, 2022, show that no Local Rule 13.8(a)(iv) compliance status was held after he was taken into custody until the first Local Rule 13.8(a)(iv) compliance status on August 24, 2022, fifty-seven (57) days later. This attempt to create a false record is a violation of Fanady's due process rights.

17. Fanady filed a *Motion to Purge or Vacate Contempt* on July 28, 2022. The grounds for the *Motion to Purge or Vacate* were (a) that he did not have the ability to comply with the order in question, (b) his incarceration was not the least possible alternative that could be used to enforce the order in question and (c) that his confinement does not bear a reasonable relationship to the purpose for which he was committed and is actually punitive rather than coercive. The *Motion to Purge or Vacate Contempt* was presented to the court on August 11, 2022, but no hearing was set.[3] It was not until September 28, 2022, forty-seven (47) days after it was

---

3. Also, as Fanady points out above, the circuit court not only declined to hear *the Motion to Purge or Vacate Contempt* in an expedited manner, but also failed to hold the contempt status hearings mandated by Circuit Court of Cook County Local Rule 13.8(a)(IV).

[7]

presented to the court, that the circuit court set Fanady's *Motion to Purge or Vacate Contempt* was set for hearing on January 5, 2023. This hearing date of January 5, 2023 was six (6) months and eight (8) days after Fanady had been taken into custody and five (5) months and eight (8) days after the motion had been filed.

18. On the January 5, 2023 hearing date, because the court only set aside a single afternoon for the hearing, the parties were only able to conduct motions *in limine* and opening statements and were unable to present any evidence or make any arguments. The court refused to expedite further hearing and continued the *Motion to Purge or Vacate Contempt* to April 18, 2023, for further hearing. Also, the circuit court refused to set any interim compliance status hearings during the four (4) month period between January 5, 2023, and April 18, 2023, even though at least four (4) such hearings were mandated by Circuit Court of Cook County Local Rule 13.8(a)(IV).

19. The case of <u>In re Marriage Betts</u>, *200 Ill. App. 3d 26, 57 (1990)*, puts a six (6) month limit on incarceration for indirect civil contempt. This case states:

> No jail sentence for indirect civil contempt will exceed six months unless the respondent, through his continued recalcitrance, makes it exceed six months. Prior to the expiration of a six-month period of incarceration, an indirect civil contemnor has ample opportunity either to comply with the court order in question or to explain why he or she cannot comply with it. <u>In re Marriage Betts</u>, *200 Ill. App. 3d 26, 57 (1990)*

Holding Fanady in jail for indirect civil contempt for more than (6) six months, without having an evidentiary hearing where the evidence establishes that the reason for his continued non-compliance is his recalcitrance, is a violation of Fanady's due process rights. Incarceration for indirect civil contempt is only to be for six (6) months unless there is a finding that the contemnor's recalcitrance is causing his failure to comply. The circuit court has made no such finding, and this issue has not even been inquired into by the circuit court.

20. Fanady is currently being illegally held in the Cook County Jail by the Sheriff, Amanda Gallegos the Executive Director of the Cook County Jail, and the Circuit Court of Cook County and in violation of his due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. Fanady's aforesaid illegal detention is the result of the decisions of the Circuit Court of Cook County and the Sheriff which are contrary to, and involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, to wit:

> "Due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana* 406 U.S. 715, 738, 32 L. Ed. 2d 435, 451, 92 S. Ct. 1845, 1858 (1972),
>
> Where it is alleged that the duration of an individual's confinement no longer bears a reasonable relationship to the purpose for which he is committed a substantial federal constitutional claim relating to denial of due process is present. *Jackson v. Indiana*, 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972); *McNeil v. Director, Patuxent Institution*, 407 U.S. 245, 32 L. Ed. 2d 719, 92 S. Ct. 2083 (1972).
>
> Having sought to deal only with civil contempt, the District Courts lacked authority to imprison petitioners for a period longer than the term of the grand jury. This limitation accords with the doctrine that a court must exercise "the least possible power adequate to the end proposed." *Anderson* v. *Dunn*, 6 Wheat. 204, 231 (1821); *In re Michael*, 326 U.S. 224, 227 (1945). *Shillitani v. United States*, 384 U.S. 364, 371, 86 S. Ct. 1531, 1536, 16 L. Ed. 2d 622, 628, (1966)
>
> At a very early date this Court declared, and recently it has reiterated, that in contempt proceedings courts should never exercise more than "the least possible power adequate to the end proposed. *United States v. United Mine Workers*, 330 U.S. 258, 332, 67 S. Ct. 677, 715, 91 L. Ed. 884, 933 (1947)
>
> At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed. *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S. Ct. 1845, 1858, 32 L. Ed. 2d 435, 451 (1972)
>
> Civil contempt is coercive in nature, and consequently there is no justification for confining on a civil contempt theory a person who lacks the present ability to comply. *McNeil v. Director, Patuxent Institution*, 407 U.S. 245, 251, 92 S. Ct. 2083, 2087-2088, 32 L. Ed. 2d 719, 724 (1972)

Of course, to jail one for contempt for omitting an act he is powerless to perform would reverse this principle and make the proceeding purely punitive, to describe it charitably. *Maggio v. Zeitz*, 333 U.S. 56, 72, 68 S. Ct. 401, 409, 92 L. Ed. 476, 488-489 (1948) (superseded by statute on other grounds)

Accordingly, the court in Lambert reasoned, inasmuch as imprisonment for civil contempt is for the purpose of compelling compliance with a judicial directive, when the confinement has lost its coercive force and consequently no longer bears a reasonable relationship to the purpose for which the contemnor was committed, due process requires that he be released. *In re Grand Jury Investigation*, 600 F.2d 420, 424-425 (1979) citing:. *Shillitani v. United States*, 384 U.S. 364, 371, 86 S. Ct. 1531, 1536, 16 L. Ed. 2d 622, 628, (1966) *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S. Ct. 1845, 1858, 32 L. Ed. 2d 435, 451 (1972) and *McNeil v. Director, Patuxent Institution*, 407 U.S. 245, 251, 92 S. Ct. 2083, 2087-2088, 32 L. Ed. 2d 719, 724 (1972)

21. Fanady had appealed the finding that he was in indirect civil contempt made against him, as well as the entry of the sanction of incarceration. On June 1, 2022, the Illinois Appellate Court affirmed the circuit court in Opinion in *Harnack v. Fanady* 2022 IL App (1st) 210143. Fanady's Petition for Leave to Appeal to the Illinois Supreme Court was denied. Therefore Fanady has exhausted all state court remedies which are available to him.

WHEREFORE, the Plaintiff Steve Fanady prays that this Court grants him a Writ of Habeas Corpus and Order that the Sheriff of Cook County, Cook County, and the State of Illinois release him, and grant the Plaintiff whatever other relief he may be entitled to or which the Court deems just.

    Respectfully Submitted

    /s/ Laura Grochocki
    Attorney for Steve Fanady

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, Illinois 60611

312-620-0671
lauraglaw@aol.com
Attorney No. 6239444

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that I caused to be served the above and foregoing <u>Complaint For A Writ of Habeas Corpus</u> via the U.S. District Court's Electronic Filing System to all parties of record on the <u> 22 day of February, 2023 before 12:00 p.m.</u>

                                                <u>/s/ Laura Grochocki</u>
                                                Attorney for Steve Fanady

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, Illinois 60611
312-620-0671
lauraglaw@aol.com
Attorney No. 6239444